**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASWANT SINGH SRAN, | No. 08-72229 |
| Petitioner, | Agency No. A077-843-089 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Jaswant Singh Sran, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we review de novo due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Sran submitted several fraudulent documents. *See Lin v. Gonzales*, 434 F.3d 1158, 1162 (9th Cir. 2006) (IJ may deny an asylum application as not credible based on documentary evidence if there is evidence undermining the reliability of the documents). We lack jurisdiction to consider Sran's contention that the IJ erred when it relied on documents he did not obtain, because he did not present this argument to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In the absence of credible testimony, Sran's asylum and withholding of removal claims fail. *See Farah*, 348 F.3d at 1156.

Because Sran's CAT claim is based on the same evidence the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to India, his CAT claim also fails. *See id.* at 1156-57.

Finally, we reject Sran's contentions that the IJ violated his due process rights. The admission of the hearsay testimony of the government investigator's

interviewees in India was not fundamentally unfair. *See Gu v. Gonzales*, 454 F.3d

1014, 1021 (9th Cir. 2006). In addition, Sran has not demonstrated the revised

transcript of the government investigator's testimony, the absence of a translation

of the proceeding in which the IJ and the attorneys agreed on a methodology for re-

transcribing the  government investigator's testimony, or the IJ's sustained

objections to questions regarding the jail record, either constituted an error or

caused prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2006).

      **PETITION FOR REVIEW DENIED.**